## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **ROBIN MOORE,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CAUSE NO.:** 3:15-cv-759 |
| **v.** | ) |
| | ) |
| **MARTINREA HEAVY** | ) |
| **STAMPING, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      Plaintiff, Robin Moore ("Moore"), by counsel, brings this action against Defendant, Martinrea Heavy Stamping, Inc., ("Defendant")  alleging that it failed to timely pay her wages in violation of KRS 337.020 and failed to properly pay her overtime wages in violation of the Fair Labor and Standards Act ("FLSA), 29 U.S.C. § 201 *et seq.*

### II.      PARTIES

2.      Moore is a citizen of Shelby County, Kentucky and has resided within the geographic boundaries of the Western District of Kentucky at all relevant times.

3.      Defendant maintains offices and conducts business within the geographic confines of the Western District of Kentucky.

### III.      JURISDICTION AND VENUE

1

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 29 U.S.C. § 216(b) and 28 U.S.C. §1367.

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

6.      Plaintiff is an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

7.      Defendant is subject to the FLSA because its employees engaged in commerce and Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

8.      All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus venue is proper in this Court.

## IV.   FACTUAL ALLEGATIONS

9.      Defendant produces steel and aluminum metal parts, assemblies and modules and fluid management systems focused primarily on the automotive sector.  It employs over 14,000 people in 44 plants in North America, South America, Europe and Asia.

10.     Defendant hired Moore as a Human Resources Generalist on or about May 21, 2012.  At the time it hired Moore, Defendant paid her $19.23 per hour.

11.     On or about July 21, 2013, Defendant increased Moore's rate of pay to $21.63 per hour.

12.     On or about January 1, 2013, Defendant increased Moore's rate of pay to $22.93 per hour.

13.     On or about January 1, 2014, Defendant increased Moore's rate of pay to $23.39 per hour.

14.     On or about March 3, 2014, Defendant increased Moore's rate of pay to $25.00 per hour.

15.     At all times relevant, Moore was a non-exempt employee who was entitled to be paid time and a half for hours worked over forty in any workweek.

16.     Throughout her employment, Moore consistently worked in excess of forty hours per week, averaging approximately seventy hours per week.

17.     Prior to January 4, 2015, Defendant did not properly pay Moore overtime wages.  Defendant did not pay Moore any wages for hours worked between forty (40) and fifty (50) each week.  Further, Defendant would only pay Moore straight time for hours worked over fifty (50) each week.

18.     On January 4, 2015, Defendant began paying Moore time and a half for hours worked over forty in a workweek.

19.     Moore resigned on September 9, 2015.

20.     Defendant has not provided Moore with the compensation that she earned, but was not paid, between May 21, 2012 and January 4, 2015.

## V. Legal Allegations

## Count I: Failure to Pay Overtime

21.     Moore hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22.     Moore was a non-exempt employee of Defendant who was engaged in commerce and/or in an enterprise engaged in commerce.

23.     Defendant intentionally and willfully failed to compensate Moore at least one and one-half times the minimum wage rate of pay for time she spent performing work-related duties in excess of forty hours in a workweek.

24.     Defendant's actions violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* and KRS 337.285.

25.     Moore is entitled to recover from Defendant all compensation which she earned, as well as liquidated damages and attorney fees pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* and KRS 337.385.

## Count II: KRS 337.020 - Failure to Timely Pay Wages

26.     Moore hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27.     Defendant failed to pay Moore all wages and salary earned to a day not more than eighteen (18) days prior to the date of that payment.

28.     Defendant failed to pay Moore all wages and salary earned upon six (6) days demand.

29.     Defendant violated KRS 337.020.

30.     Defendant's violations of KRS 337.020 were intentional and willful.

31.     Moore is entitled to recover from Defendant all compensation which she earned, as well as liquidated damages pursuant and attorney fees pursuant to KRS 337.385.

### Count III: KRS 337.055 - Failure to Timely Pay Wages

32.     Moore hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

33.     Moore resigned on September 9, 2015.

34.     Defendant failed to pay Moore within fourteen (14) days following her resignation or in the next normal payroll.

35.     Defendant violated KRS 337.055.

36.     Defendant's violations of KRS 337.055 were intentional and willful.

37.     Moore is entitled to recover from Defendant all compensation which she earned, as well as liquidated damages pursuant and attorney fees pursuant to KRS 337.385.

### VI.   REQUESTED RELIEF

WHEREFORE, Plaintiff, Robin Moore, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Payment to Plaintiff of all unpaid wages and overtime compensation;

5

2. Payment to Plaintiff of liquidated damages for all unpaid wages and overtime compensation;

3. Order injunctive relief sufficient to insure that Defendant ceases and desists from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. and KRS 337.020 to 337.285;

4. Order Defendant to pay pre-judgment and post-judgment interest to Plaintiffs;

5. Order Defendant to pay Plaintiff's costs and attorney fees; and

6. Order all other relief this Court deems just and proper.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych III, Atty No. 91190
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Facsimile:     (812) 424-1005
Email: ad@bdlegal.com
Attorneys for Plaintiff, Robin Moore

## DEMAND FOR JURY TRIAL

Plaintiff, Robin Moore, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/Andrew Dutkanych
Andrew Dutkanych III, Atty No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Facsimile:     (812) 424-1005
Email: ad@bdlegal.com
Attorneys for Plaintiff, Robin Moore